## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANNY SHELBY,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:05-cv-1248-RDP** |
| | } | |
| **ALABAMA DEPARTMENT OF** | } | |
| **MENTAL HEALTH & MENTAL** | } | |
| **RETARDATION, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it the following motions:  (1) Defendant Ethel Thomas' Motion to Dismiss (Doc. # 43) filed April 13, 2006; (2) Defendant Alabama Department of Mental Health and Mental Retardation's Motion to Dismiss (Doc. # 46) filed April 17, 2006; (3) Defendant Jane Wiggins' Motion to Dismiss (Doc. # 48) filed April 17, 2006; and (4) Defendant Connie Henderson's Motion to Dismiss (Doc. # 55) filed April 28, 2006.   The motions have been fully briefed and, for the reasons outlined below, the court finds that the motions are due to be denied.

## I.    Standard of Review_

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint if it fails to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  But a court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving

party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)).  Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original).  Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim.  We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

## II.    Relevant Facts

On December 23, 2005,[1] Plaintiff, by and through his guardian and mother, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 and § 504 of the Rehabilitation Act of 1973 alleging that

---

[1] Plaintiff's motion to amend the complaint (Doc. # 25) was granted by the court on December 27, 2005.

conduct of the Alabama Department of Mental Health and Mental Retardation (hereinafter the "Department") and six individual employees of the Department violated his rights under the Fourth, Eighth, and Fourteenth Amendments. (Doc. # 24). Plaintiff also alleges that Defendants' actions violated various state laws, including the Alabama Constitution. (Doc. # 24).

Specifically, Plaintiff alleges that Defendant Cathy Beal "severely beat, struck and battered" him in the presence of Defendant Connie Henderson on June 8, 2003 while Plaintiff was a patient at the William D. Partlow Developmental Center ("Partlow").[2] (Doc. # 24, at ¶¶ 22-27, 55). Plaintiff's family members allegedly "discovered that he had been abused and alerted the appropriate medical providers" on June 9, 2003. (Doc. # 24, at ¶ 37). Plaintiff also alleges that he "was forced to endure three straight days without food or water" during the weekend of May 20, 2005, due to the failure of "Partlow staff members and/or employees to contact [his] physician in an effort to maintain orders for proper hydration and nutrition." (Doc. # 24, at ¶ 46).

According to Plaintiff's Amended Complaint, the Department hired Defendant Beal despite having knowledge of her prior criminal conviction for assault and theft (Doc. # 24, at ¶ 41), and continued to employ Defendant Beal even after she was reprimanded in 2002 for mistreatment of a patient. (Doc. # 24, at ¶¶ 42-43). Plaintiff further alleges that Defendants Debra Richardson and Ethel Thomas knew about the "abuse and beating" of Plaintiff but neglected to report it to the proper authorities at Partlow (Doc. # 24, at ¶¶ 29-31, 58, 60), and that the "deliberate[] indiffer[ence] of Defendant Jane Wiggins also contributed to the failure to report Plaintiff's abuse in a timely manner.

---

[2] Although ¶¶ 22-27 of Plaintiff's Amended Complaint do not specifically state that the alleged abuse occurred on June 8, 2003, other allegations in the complaint clarify the date (Doc. # 24, at ¶¶ 20, 21, 28, 30, 35, 37), and Defendants do not dispute that the alleged abuse occurred on June 8, 2003. (*See, e.g.,* Doc. # 56, at 1).

(Doc. # 24, at ¶ 61).  Defendant John Houston, Commissioner of the Department, is alleged to have failed to "rectify the systematic pattern or custom of abuse" at Partlow.  (Doc. # 24, at ¶ 53).

Plaintiff's Amended Complaint avers that he is a mentally incompetent adult and an in-house resident of Partlow.  (Doc. # 24, at ¶ 7).  Plaintiff was admitted to the care of the Department on April 5, 1967, and is "profoundly mentally retarded with a mental age of 6 months."  (Doc. # 24, at ¶ 18).  Plaintiff further alleges that he "has been [severely mentally retarded] since birth."  (Doc. # 24, at ¶¶ 36, 56).

### III.    Discussion

The Department and individual Defendants Thomas, Wiggins, and Henderson (hereinafter collectively the "individual movants") have all filed motions to dismiss.  For the reasons outlined below, the court finds that all of the Defendants' motions are due to be denied.

####    A.    The Department's Motion to Dismiss

The Department has moved for dismissal of the claims against it on a number of grounds.  (Doc. # 46).   Specifically, the Department seeks dismissal of Count I (on the basis that the Department is not a "person" as defined by § 1983), Count III (on the basis that Plaintiff's claim is a procedural due process claim that cannot be asserted against the Department), Counts IV, VII, VIII, IX, X, XI, XII, XIII (on the basis that the Department is immune from money damages for state law torts), and Counts V and VI (on the basis that those counts appear to be alleged against Defendant Beal only).  (Doc. # 46).

After the filing of the Department's motion, Plaintiff filed a motion to dismiss certain claims by stipulation of the parties. (Doc. # 50).  Accordingly, by agreement of the parties, the court dismissed with prejudice the following claims: (1) all claims brought pursuant to § 1983 against the

Alabama Department of Mental Health and Mental Retardation; (2) all state law claims for monetary damages against the Alabama Department of Mental Health and Mental Retardation; (3) and all claims brought against individual Defendants in their official capacities. (Doc. # 53).

It is clear that the stipulated dismissal of the above-referenced claims resolves at least some of the Department's dismissal arguments. However, given that the allegations of the Amended Complaint are often vague and ambiguous, it is difficult for the court to ascertain what dismissal arguments, if any, remain for the court to resolve with respect to the Department's motion. Therefore, the court will require Plaintiff to file a second amended complaint, incorporating the stipulated dismissals and setting forth individually numbered counts which identify the relief sought by each count and the defendant(s) against whom each count is asserted. The court will deny the Department's motion to dismiss, without prejudice to refiling such a motion if issues remain for the court to resolve after Plaintiff files his second amended complaint.

### B.    The Individual Movants' Motions to Dismiss

Individual Defendants Thomas, Wiggins, and Henderson have filed virtually identical motions to dismiss asserting that Plaintiff's claims are barred by the applicable statute of limitations. (Docs. # 43, 48, 55). Specifically, the individual movants assert that the two-year statute of limitations for personal injury actions outlined in Ala. Code § 6-2-38(l) applies Plaintiff's claims of alleged mistreatment on June 8, 2003, and bars the assertion of those claims more than two years later in Plaintiff's December 23, 2005 Amended Complaint. Although Plaintiff's initial complaint was filed on June 7, 2005 *before* the expiration of the two-year limitations period (Doc. # 1),

Plaintiff did not allege claims against Defendants Thomas, Wiggins, and Henderson until the filing of his Amended Complaint on December 23, 2005.[3]

There is no dispute among the parties that all of Plaintiff's claims, including his § 1983 and Rehabilitation Act claims and his claims under Alabama state law, are governed by Alabama's two-year statute of limitations for personal injury claims, which is outlined in Ala. Code § 6-2-38(l).  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *Andalusia City Bd. of Educ. v. Andress*, 916 F.Supp. 1179, 1184-85 (M.D. Ala. 1996) (noting that Rehabilitation Act claims are also subject to the provisions of § 6-2-38(l)).  As a general rule, the limitations period for filing claims governed by § 6-2-38(l) does not begin to run until the plaintiff becomes aware of his injury. *Calhoun v. Ala. Alcoholic Beverage Control Bd.*, 705 F.2d 422, 425 (11th Cir. 1983).  In this case, Plaintiff alleges that his abuse was discovered by his family on June 9, 2003 (Doc. # 24, at ¶ 60), while his Amended Complaint, alleging for the first time claims against Defendants Thomas, Wiggins, and Henderson on the basis of that abuse, was not filed until December 23, 2006.  Thus, Plaintiff's claims against the individual movants were filed more than two years after the discovery of the injury.

Nonetheless, Plaintiff asserts that his claims are saved by the tolling provision of Ala. Code § 6-2-8, which provides, in pertinent part, "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is, at the time the right accrues . . . insane, he or she shall have three

---

[3] Plaintiff's initial complaint alleged claims against the Alabama Department of Mental Health and Mental Retardation, Kathy Sawyer (who was not included in the Amended Complaint), Cathy Beal, and the William D. Partlow Developmental Center (who was dismissed by the court on July 8, 2005).  (Doc. # 1).

years . . . after the termination of the disability to commence an action . . . . No disability shall extended the period of limitations . . . after the lapse of 20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a). Plaintiff claims that the two-year statute of limitations of § 6-2-38(l) is tolled in this case for a period of up to 20 years from the date of his injury because, at the time his right to sue accrued, he was "insane" within the meaning of § 6-2-8(a) and still is "insane" such that the limitations period has not even begun to run. Plaintiff's Amended Complaint avers that he was admitted to the care of the Department on April 5, 1967, is "profoundly mentally retarded with a mental age of 6 months," and "has been [severely mentally retarded] since birth." (Doc. # 24, at ¶¶ 18, 36, 56).

In this case, accepting all well-pleaded factual allegations in the complaint as true and construing the facts in the light most favorable to Plaintiff, there can be no doubt that Plaintiff, who allegedly is "severely mentally retarded and has been since birth," falls within the protection of this tolling statute. The Alabama Supreme Court has emphasized that "[s]ection 6-2-8 demonstrates legislative response to the need to protect individuals suffering under certain disabilities." *Emerson v. Southern Ry. Co.*, 404 So.2d 576, 578 (Ala. 1981). In accordance with that purpose, the court has held that the tolling provision applies even if, as in this case, the injured party is represented by a guardian or representative who does not fall within the protection of § 6-2-8. *Emerson,* 404 So.2d at 579 ("These cases demonstrate the fact that the right of action resides in the injured party and not in the guardian or representative. This is not to say that a guardian, next friend, or guardian ad litem cannot file a claim on behalf of the ward. It is clear to us, however, that failure on the part of the representative to file or pursue this claim within the limitation period does not bar recovery where § 6-2-8 is applicable.").

Defendants have not offered any reason why the tolling provision of § 6-2-8 does not apply in this case,[4] and the court finds that a liberal reading of the complaint mandates that it does.  Thus, because the statute of limitations is the only basis upon which these individual movants have requested dismissal of the claims against them, the court finds that their motions are due to be denied.

## IV.      Conclusion

For the reasons stated above, Defendants' motions to dismiss are due to be denied.  A separate order will be entered.

**DONE** and **ORDERED** this ____15th____ day of May, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[4] In fact, the individual movants did not submit *any argument* in reply to Plaintiff's opposition to their motions.

8